Reese, J.
delivered the opinion of the court.
Several questions have been discussed in this case. We will notice some of them.
1. Was Joseph Cobb a competent witness? The plaintiff in error insists that he was not, upon two grounds: first, because this suit having been brought in his name as guardian, the circuit court, upon his wards arriving at their majority, substituted their names for that of Cobb, and took a new bond for the prosecution of the suit, and to secure the costs of the suit, as well those previously incurred, as those which might be incurred, and released Cobb from all liability.
The power to do this is denied, in the argument, to the circuit court, and it is said Cobb is still liable for the costs incurred while he was a party, and therefore an incompetent witness. This court has settled the question against the objection, and in favor of the power of the circuit court, in the case of Craighead vs. The Bank
But, secondly, it is said that Cobb was an incompetent witness, because his wife, the mother of the lessors of the plaintiffs, would be entitled to dower in the 500 acre tract of land granted to the elder Blair, her first husband, and because the deed from Cobb and his wife, to John Blair, the younger, dated in 1818, and set out in the record, was as to the acknowledgment and examination of the wife in February 1821, before the passage of the act of 1821, ch. 66, commonly called the champerty act, not valid and effectual; and her acknowledgment and examination since that act is affected and rendered void by its purview.
To this we answer, 1. That the acknowledgment by Cobb himself, in February, 1821, was a good and valid transfer and release of all his interest in the dower during *545 ’ns life, and forever. 2. We think that the subsequent acknowledgment of the deed by the wife, being in confirmation of an existing instrimtont, and intended to give it effect, should not he hold to ho affected by champerty, unless the transaction was so in its inception, 4 Kent’s Com. 441.
3. It may well be questioned whether, if a widow to whom dower has not been assigned, transfer, or release it to the heirs who are not in possession, the transaction comes within the purview, or violates the policy of the champerty act. For as we have said in the ca so of Guthrie and Wife vs. Owns, that the entire title before the assignment of dower, is in the heirs, ns the title of the widow to dower is inherent in and involved with that of the heirs; if they are barred, she is barred— if they recover the possession, they recover in their own name and for themselves, and her transfer to them would give no more title or capacity to sue; such transfer, perhaps, before assignment, operating only by way of estoppel. We are, therefore, of opinion, that Cobb was a competent witness.
2. It is contended that Sarah Blair, since Sarah Cobb was not duly appointed the guardian of John and Catherine Blair; the record of appointment only stating that she was appointed guardian of the minor children. We are not prepared to say that this alone would not be sufficient. The guardian bond, however, staler the names of her wards, and if there could be any doubt upon the other point, removes it.
3. It is said that the leases taken by Cobh are not in conformity with the statute which requires that the leases should stipulate against waste, and therefore that the lessors are not bound by them. We answer that these provisions of the statute are mandatory to the guardian, and their omission cannot absolve the tenant from the duties and liabilities of the relation into which he has entered.
4. It is strenuously, and. with much ingenious argument, contended that the circuit court erred in charging, that to break the continuity of the possession under Blair, the posses-session of his tenants must havo become adverse to him; and that to constitute such adverse possession, their attornment to Ross must have been known to their landlord, Blair.
*546 This principle is distinctly determined by the court in the case of Duke vs. Harper, 6 Yer. Rep.
It is the very point upon which that case turned. And the principle of Duke vs. Harper, is drawn from and maintained by the case of Willison vs. Watkins, 3 Peters, 43; and the case of Peyton vs. Stith, 5 Peters.
This court has repeatedly sanctioned the case of Duke vs. Harper, particularly in. the case of Lane vs. Osment, 9 Yer. 89. And to contend that the continuity of the landlord’s possession, with reference to the statute of limitations, is broken by acts of the tenant, which do not amount to an adverse possession, from which the statute will begin to run the other way, is to rest upon a distinction too attenuated for the safe and practical adjustment of the rights of parties in a court of justice.
We are not aware that such a distinction has ever, in any case, received judicial sanction.
Upon the whole, the judgment must be affirmed.*

 See 9 Yerger, 463, where this case as reported as of December Term, 1836. The record, as reported in that book, did not show that Mrs. Cobb had been appointed by court guardian of the children. It appeared that Cobb had made the leases as guardian by nature of the heirs of John Blair,